NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THOMAS GLOBAL GROUP L.L.C., | : : : | **Civil Action No. 13-4864 (SRC)(CLW)** |
| Plaintiff, | : : |  |
| v. | : : | OPINION |
| DONALD V. WATKINS et al., | : : |  |
| Defendants. | : : : |  |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendants Donald V. Watkins et al.[1] ("Defendants") to dismiss Plaintiff Thomas Global Group L.L.C.'s ("Plaintiff") First Amended Complaint, or alternatively to transfer this case to a court of competent jurisdiction in Birmingham, Alabama [Docket Entry 81]. In this motion, Defendants have also requested a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff has opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant the motion in part and deny the motion in part.

---

[1] When this motion was filed, Defendants in this action included Donald V. Watkins, Watkins Pencor, LLC, Pencor-Orange Corp., Pencor-Masada Oxynol, LLC, Masada Oxynol US-1, LLC, Vulcan Resources, LLC, Controlled Environmental Systems Corp., Masada Resource Group, LLC, Masada Oxynol, LLC, Oxynol Solutions Limited, W2E Resources, S.A., Masada Resources, LLC, and Donald V. Watkins. P.C.

1

I.  **BACKGROUND**

Plaintiff asserts twelve claims[2] against thirteen separate Defendants in its First Amended Complaint, which alleges the following facts.  In or around March 2009, Donald V. Watkins ("Watkins") solicited Plaintiff's principal and managing member Bryan Thomas ("Thomas") for an investment into his "waste to energy" business.  (First Am. Compl. ¶¶ 19, 23.)  Watkins represented to Thomas that the investment opportunity had high profit potential and low risk, and that Condoleezza Rice and Martin Luther King III, among other notable figures, had agreed to participate in the business venture.  (First Am. Compl. ¶¶ 23-25.)  Watkins provided Thomas with promotional materials, solicited Thomas repeatedly over the telephone, and made a visit to Morris County, New Jersey, to meet with Thomas and his wife about the investment opportunity. (First Am. Compl. ¶ 26.) Thomas subsequently invested $1 million with Watkins, by wiring the funds to Watkins' law firm, Defendant Donald V. Watkins, P.C. ("the P.C.").  (First Am. Compl. ¶¶ 26-27.)  In exchange for the investment, Plaintiff and Defendant Watkins Pencor entered into a Purchase Agreement & Irrevocable Assignment of Economic Interests on March 17, 2009, which reads in pertinent part:

> In consideration for payment of [$1 million], Watkins-Pencor, LLC . . . hereby grants and conveys to [Plaintiff] . . . one percent (1.0%) of the total economic interests (i.e. cash distributions for the life of the waste-to-ethanol investment) to which Donald V. Watkins is entitled by virtue of his ownership of [certain Defendant entities].  These economic interests may be received by [Watkins] from

---

[2] Plaintiff asserts claims for breach of contract; breach of the implied covenants of good faith and fair dealing; conversion; breach of fiduciary duty of care; breach of fiduciary duty of loyalty; fraud in the inducement, legal fraud and equitable fraud; common law and statutory accounting; unjust enrichment; violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5; alter-ego fraud by Defendants; constructive trust; and declaratory judgment.

2

> [certain Defendant entities, including Pencor-Orange Corporation and Masada Resource Group, LLC.]

(Thomas Cert., Ex. B., at 1.) To date, Plaintiff has not received an accounting for the $1 million investment, nor has Plaintiff received any of its investment back or a return on the investment. (First Am. Compl. ¶¶ 32, 34, 35.) Watkins verbally represented to Thomas that Plaintiff's investment would be returned. (First Am. Compl. ¶ 33.)

On May 15, 2013, Plaintiff's counsel wrote to Watkins, demanding the return of the $1 million investment. (First Am. Compl. ¶ 40.) Prior to the filing of this lawsuit, Defendants Watkins, Watkins Pencor, and Pencor-Orange filed a Demand for Arbitration and an Arbitration Complaint with the American Arbitration Association ("AAA"). (First Am. Compl. ¶ 42.) Plaintiff then filed a lawsuit in this Court on August 13, 2013 [Docket Entry 1]. In this action, Plaintiff then filed a motion for a preliminary injunction seeking temporary restraints staying and dismissing the AAA arbitration proceeding [Docket Entry 5], and Defendants filed a cross-motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4 [Docket Entry 7]. On April 8, 2014, the Court granted Plaintiff's motion, thereby enjoining the pending AAA arbitration and staying said action,[3] and denied without prejudice Defendants' motion to compel. No. 13-4864, 2014 WL 1371719, at *8 (D.N.J. Apr. 8, 2014) [Docket Entries 32-33]. The Court granted Plaintiff permission to amend its Complaint to include the P.C. as a Defendant on September 22, 2015 [Docket Entry 79].

---

[3] The Court stayed the AAA proceeding pending the resolution of Defendants' renewed motion to compel following limited discovery into the question of arbitrability. Defendants have not filed such a motion as of this date.

## II. DISCUSSION

### a. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

On a motion to dismiss for lack of personal jurisdiction:

> The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper. If the district court does not hold an evidentiary hearing, the plaintiff[s] need only establish a prima facie case of personal jurisdiction. Moreover, it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff.

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal citations omitted). After discovery has begun or once allegations have been contradicted by an opposing affidavit or other evidence, the nonmoving party cannot rely on the complaint's allegations to oppose a motion to dismiss for lack of personal jurisdiction—it must "respond with actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990); *see also Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 58 (3d Cir. 1986); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). The plaintiff may satisfy their burden of proof to establish jurisdictional facts with sworn affidavits or other competent evidence. *Time Share Vacation Club*, 735 F.2d at 66 n.9; *Patterson*, 893 F.2d at 603-04.

Subject matter jurisdiction is exercised in this case pursuant to 28 U.S.C. § 1331, as Plaintiff brings causes of action pursuant to the federal securities laws and the federal Declaratory Judgment Act. The Court exercises supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a). The Federal Rules of Civil Procedure provide that a district

court may exercise personal jurisdiction over a non-resident defendant when authorized by federal statute. Fed. R. Civ. P. 4(k)(1)(C). The Third Circuit has held that "a federal court's personal jurisdiction may be assessed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process," such as the Securities Act of 1934. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002). Even when a plaintiff can show that a federal statute permits personal jurisdiction under Rule 4(k)(1)(C), the court "should look at the extent to which the defendant 'availed himself of the privileges of American law and the extent to which he could reasonably anticipate being involved in litigation in the United States.'" *Id.* at 370 (quoting *Max Daetwyler Corp. v. Meyer*, 762 F.2d 290, 295 (3d Cir. 1985)). Consistent with the Due Process Clause, a court may assert personal jurisdiction so long as the defendant has "certain minimum contacts" with the forum, such as not to "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A party waives the defense of personal jurisdiction when it either 1) fails to include the defense in a Rule 12 preliminary motion, as required under Rule 12(h), or 2) fails to assert the defense in a responsive pleading, if no such preliminary motion is made. Fed. R. Civ. P. 12(h). Furthermore, a party can waive the requirement of personal jurisdiction by consenting to the Court's jurisdiction. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 443, 444 (3d Cir. 1999) (citing *Adam v. Saenger*, 303 U.S. 59 (1938)).

   Defendants also move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that laying venue of this action in the District of New Jersey is improper under 28 U.S.C. § 1391. The defendant has the burden of demonstrating that venue is improper. *Myers*

*v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). The court generally accepts the allegations in the pleadings as true, and draws all reasonable inferences and resolves all factual conflicts in the plaintiff's favor. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). As with personal jurisdiction, an objection to venue may be waived by consent.[4]

When a defendant files an answer or pre-answer motion and fails to raise the defense of lack of personal jurisdiction or improper venue, "filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." 5C Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1388 (3d ed. updated 2011); *see also* Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion). The Defendants to the original Complaint (all Defendants in this action besides the P.C.) had the opportunity to raise the affirmative defenses of lack of jurisdiction or improper venue in a pre-answer motion or in their Answer; they did not do so.[5] *See* Fed. R. Civ. P. 12(h). All Defendants in this action besides the P.C. have waived these defenses forever, and thus the Court will deny Defendants'

---

[4] *See, e.g.*, *Huntington Learning Ctr., Inc. v. Read It., N.C., Inc.*, No. 12-3598, 2013 WL 2404174, at *6 (D.N.J. May 30, 2013); *Actega Kelstar, Inc. v. Musselwhite*, No. 09-1255, 2009 WL 1794793, at *3 (D.N.J. June 22, 2009); *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 375 (D.N.J. 2000).

[5] In response to Plaintiff's motion for a preliminary injunction [Docket Entry 5], Defendants filed a pre-Answer motion to dismiss Plaintiff's Complaint or alternatively to stay litigation pending arbitration by all Defendants on September 3, 2013 [Docket Entry 7]. Defendants' brief made no mention of the jurisdictional or venue arguments raised in the motion currently before this Court. These Defendants filed an Answer to the original Complaint on April 22, 2014 [Docket Entry 35], in which they did not plead any affirmative defenses related to lack of in personam jurisdiction or improper venue. Furthermore, Defendants submitted to the jurisdiction of this Court in filing a motion for affirmative relief, the motion to compel arbitration filed on September 3, 2013 [Docket Entry 9]. *See Bel-Ray Co.*, 181 F.3d at 443-44.

motion to dismiss this case for lack of jurisdiction or improper venue as to the Defendants named in the original Complaint.

The only Defendant in this action that has not waived its jurisdictional and venue objections is the P.C.: it was first named as a Defendant in this action in the First Amended Complaint on September 23, 2015, well after the other Defendants filed an Answer in this action; it has not answered the First Amended Complaint; and this motion asserts affirmative defenses as proscribed under Federal Rule of Civil Procedure 12(b).  Here, Plaintiff has the burden to establish a prima facie case of *in personam* jurisdiction against the P.C.  Plaintiff, however, offers no evidence supporting the conclusion that this Court could exercise general or specific jurisdiction over the P.C. itself, given that the P.C. has no offices or bank accounts in New Jersey, is not licensed in New Jersey, has never done business in New Jersey, has never been admitted to practice in any court in New Jersey, and has never handled a case or representation in New Jersey.  (Watkins Aff. ¶ 2.)

Instead, Plaintiff argues that the P.C. is an alter ego of Watkins himself, and since this Court allegedly has jurisdiction over Watkins, it thus has jurisdiction over the P.C.  Plaintiff relies on the First Amended Complaint for its jurisdictional and alter ego allegations, and in its briefing references documents it purportedly found during discovery that allegedly support its claims that the P.C. is an alter ego of Watkins.  The Court need not reach the question of whether it has personal jurisdiction over Watkins, however, given that Plaintiff has not submitted sworn affidavits or other competent evidence to establish jurisdictional facts or its alter ego allegations.  In fact, it has submitted no affidavit at all on these issues.  Furthermore, the P.C. has contradicted Plaintiff's allegations with opposing affidavits from Watkins, and thus Plaintiff bears the burden

7

of producing "actual proofs, not mere allegations" in response. *Patterson*, 893 F.2d at 603-04. Since the P.C. contests jurisdiction, none of the statements and allegations made by Plaintiff satisfy Plaintiff's burden to establish a prima facie case of jurisdiction. *See Time Share Vacation Club*, 735 F.2d at 66 n.9; *Patterson*, 893 F.2d at 603-04. Therefore, the Court will grant the motion to dismiss the P.C. as a Defendant.

### b. 1404(A) TRANSFER TO THE NORTHERN DISTRICT OF ALABAMA

Defendants alternatively request that this Court transfer this case to the Northern District of Alabama, because Defendants claim that the operative facts giving rise to this case occurred there, not in New Jersey. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). In *Jumara*, the Third Circuit provided a list of private and public interest factors a district court should consider when deciding a motion to transfer. The private interest factors are: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum). *Id.* The public interest factors are: (1) the enforceability of

of producing "actual proofs, not mere allegations" in response. *Patterson*, 893 F.2d at 603-04. Since the P.C. contests jurisdiction, none of the statements and allegations made by Plaintiff satisfy Plaintiff's burden to establish a prima facie case of jurisdiction. *See Time Share Vacation Club*, 735 F.2d at 66 n.9; *Patterson*, 893 F.2d at 603-04. Therefore, the Court will grant the motion to dismiss the P.C. as a Defendant.

### b. 1404(A) TRANSFER TO THE NORTHERN DISTRICT OF ALABAMA

Defendants alternatively request that this Court transfer this case to the Northern District of Alabama, because Defendants claim that the operative facts giving rise to this case occurred there, not in New Jersey. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). In *Jumara*, the Third Circuit provided a list of private and public interest factors a district court should consider when deciding a motion to transfer. The private interest factors are: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum). *Id.* The public interest factors are: (1) the enforceability of

the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

The Court finds that transfer is inappropriate in this case, as both the private interest and public interest factors weigh against a transfer.[6] The first two private interest factors do not favor a transfer to the Northern District of Alabama, given that Plaintiff's choice of forum is entitled to deference unless the other factors strongly favor transfer. *See, e.g.*, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Defendants have shown their willingness to litigate in New Jersey, and thus the weight of Plaintiff's choice of forum outweighs Defendants' forum preference. The third private interest factor, "whether the claim arose elsewhere," is hotly disputed by the parties. Plaintiff asserts that the claims arose in New Jersey due to Watkins' solicitation visit to Thomas, while Defendants assert that the claims arose from actions allegedly undertaken by Watkins and his businesses in Birmingham, Alabama. This factor may weigh slightly in favor of transfer, given that Defendants likely did most of their solicitation from Birmingham. The fourth, fifth, and sixth private interest factors are all neutral. Neither party argues that it would be so burdened by costs that it could not litigate in the other party's preferred forum. Furthermore, there is no indication that witnesses might be unavailable for trial in one of the fora or that records could not be produced in either fora. *Jumara*, 55 F.3d at 879.

---

[6] The Court first notes that this case likely could have been brought in the Northern District of Alabama, since that Court likely could have exercised personal jurisdiction over Defendants at the time of filing this case.

Overall, since the other private interest factors do not strongly favor transfer, Plaintiff's choice of forum—New Jersey—will be given deference by this Court.

The public interest factors similarly weigh against transfer. In particular, the Court finds that the second public interest factor, practical considerations that could make the trial easy, expeditious, or inexpensive, weighs against transfer. The Court is familiar with the facts of this case, since it has been pending before this Court for over two years, discovery is ongoing and the parties have filed several motions before this Court. Despite Defendants' arguments to the contrary, the First Amended Complaint did not significantly change the focus of this case to Defendants' Alabama operations. Defendants primarily added allegations related to the P.C., and presumably many of the relevant documents in this case have already been produced by Defendants or can easily be produced by Defendants.

The third public interest factor, court congestion, slightly favors a transfer. Defendants point out that the District of New Jersey is a busier federal judicial district than the Northern District of Alabama. Defendants do not argue that New Jersey federal courts are so overburdened as to deny them "a reasonably prompt day in court," however. *See Park Inn Int'l, LLC v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 378 (D.N.J. 2000).

Most of the public interest factors in this case are neutral, however. Neither party argues that a judgment by either this Court or the Northern District of Alabama would be unenforceable in the other fora. Both states have an interest in protecting their citizens and businesses by deciding local controversies at home. Neither party has argued that the public policies of the states of Alabama and New Jersey differ in important respects. Therefore, this Court finds that

its familiarity with the facts of the case provides a strong rationale for retaining this case in New Jersey.

Overall, the Court finds that a transfer would particularly disadvantage Plaintiff, who has been litigating this case in New Jersey for years. Defendants have not met their burden to show that the Northern District of Alabama is more convenient than the District of New Jersey in this case, and thus the Court will deny the motion to transfer. *See Jumara*, 55 F.3d at 879.

### c. MOTION FOR A MORE DEFINITE STATEMENT

The Federal Rules of Civil Procedure permit a party to move for:

> a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). A motion for a more definite statement "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). All of the Defendants named in the original Complaint have already filed an Answer, and the First Amended Complaint did not add new claims or new information about any Defendant named in the original Complaint. The time for those Defendants to file a motion for a more definite statement has passed. The Court will deny this request.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the motion in part and deny the motion in part. The Court will grant the motion to dismiss Donald V. Watkins, P.C. as a Defendant for lack of personal jurisdiction, but will deny the motion to dismiss all of the other Defendants.

The Court will also deny the motion to transfer this action, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Northern District of Alabama.  The Court will also deny Defendants' motion for a more definite statement.  An appropriate Order will be filed.

      s/Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated:  February 22, 2016