NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS GLOBAL GROUP L.L.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>DONALD V. WATKINS, WATKINS PENCOR, LLC, PENCOR-ORANGE CORP. PENCOR-MASADA OXYNOL, LLC, MASADA OXYNOL US-I, LLC, VULCAN RESOURCES, LLC, CONTROLLED ENVIRONMENTAL SYSTEMS CORP., MASADA RESOURCE GROUP, LLC, MASADA OXYNOL, LLC, MASADA OXYNOL US-I, LLC, OXYNOL SOLUTIONS LIMITED, W2E RESOURCES, S.A., MASADA RESOURCES, LLC and DONALD V. WATKINS, P.C.,<br><br>    Defendants. | Action No. 2:13-cv-4864 (SRC)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on the following submissions: Defendants' motion (ECF Nos. 97-98) for a protective order and accompanying motion (ECF No. 96) to seal; Plaintiff's cross-motion (ECF No. 113) to vacate or modify the parties' discovery confidentiality order and accompanying cross-motion (ECF No. 111) to seal; Defendants' cross-motion (ECF No. 116) to strike the certification of Plaintiff's counsel—a cross-motion that also serves as Defendants' opposition to Plaintiff's motion to vacate and Defendants' reply brief in support of the motion for protective order; Plaintiff's "opposition/sur-reply letter brief" (ECF No. 122) in response to Defendants' cross motion; Defendants' motion (ECF No. 123) to strike Plaintiff's sur-reply—a motion that also serves as Defendants' reply brief in support of the cross-motion to strike;

and Plaintiff's letter (ECF No. 124) response thereto.[1] The Court afforded the parties repeated adjournments of the briefing schedule, ECF Nos. 107, 114-15, 117-18, heard from the parties in various conferences, and later entertained supplemental letters. (ECF Nos. 127, 131.) All these submissions, while voluminous, nonetheless raise discrete recurring issues amenable to brief disposition.

First, Defendants' motion to strike Plaintiff's sur-reply (ECF No. 123) is denied because, when reading Local Civil Rule 7.1(d)(6)[2] in conjunction with Rule 7.1(h),[3] the Court finds that it would be a harsh result to strike Plaintiff's "opposition/sur-reply letter brief." Indeed, the Rules do not expressly contemplate the proper procedure to be followed in the scenario presented—i.e., a motion, followed by an opposition and cross-motion, followed by a cross-motion to strike, followed by an opposition, followed by a motion to strike—since Rule 7.1(h) seems only to contemplate a cross-motion filed along with the cross-moving party's opposition papers in response to a motion. Thus, mindful of the complex flurry of letters and motions and cross-motions and notwithstanding Defendants' arguments,[4] the Court echoes Plaintiff's position, ECF No. 124, that nothing further need be made of this facet of the parties' briefing. Defendants' motion to strike

---

[1] The pending motions were preceded by Plaintiff's motion to compel, ECF No. 71, which was terminated in accordance with the Court's intervening Orders and conferences. (ECF Nos. 78, 85.)

[2] Rule 7.1(d)(6) provides that "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned."

[3] Rule 7.1(h) provides that "[a] cross-motion related to the subject matter of the original motion may be filed by the party opposing the motion together with that party's opposition papers and may be noticed for disposition on the same day as the original motion, as long as the opposition papers are timely filed. Upon the request of the original moving party, the Court may enlarge the time for filing a brief and/or papers in opposition to the cross-motion and adjourn the original motion day. A party filing a cross-motion shall serve and file a combined brief in opposition to the original motion and in support of the cross-motion, which shall not exceed 40 pages. No reply brief in support of the cross-motion shall be served and filed without leave of the assigned district or magistrate judge. The original moving party shall file a single combined reply brief in support of its motion and in opposition to the cross-motion, which shall not exceed 40 pages (in contrast to the 15-page limit for replies as provided in L. Civ. R. 7.2(b)). The provisions of L.Civ.R. 7.1(d)(5) apply to dispositive cross-motions."

[4] Absent leave of Court, Rules 7.1(d)(3), 16.1(g)(2), and 37.1(a)(3) prohibit reply papers in relation to cross-motions, case management motions, and discovery motions. It bears noting that Defendants' cross-motions also serve as reply briefs. See Defs.' Mot., ECF No. 116-1, at 1, 6-15; Defs.' Mot., ECF No. 123-1, at 1, 5-10 (references to the record use page numbers assigned by CM/ECF).

the certification of Plaintiff's counsel (ECF No. 116) is likewise denied because the Court accepts Defendants' invitation, ECF No. 116-1, at 15 (citing Local Civil Rule 7.2(a)), not to entertain speculative assertions within the contested certification. In any event, the presence or absence of the items sought to be stricken would not alter the overall complexion of the issues presented or the Court's consideration thereof.

Second, Defendants' motion to seal (ECF No. 96) and Plaintiff's cross-motion to seal (ECF Nos. 111-12) are granted in part and denied in part. The motions are granted insofar as they are partially unopposed, e.g., the parties do not dispute the sealing of certain "confidential memoranda" filed by Defendants in conjunction with their motion for a protective order. See Pl.'s Mot., ECF No. 113-1, at 9-10; Defs.' Mot., ECF No. 116-1, at 11, 17; Kasolas Cert., ECF No. 112, ¶ 3. Defendants' motion is denied, however, insofar as the parties dispute Defendants' request to seal items already placed in the public domain. See Pl.'s Mot., ECF No. 113-1, at 9-16; Defs.' Mot., ECF No. 116-1, at 11-13. The Court declines to seal such items because "[i]t is well established that once confidential information has been published, it is no longer confidential." Janssen Prod., L.P. v. Lupin Ltd., 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) (collecting cases) (citations omitted). The Court likewise denies any request to seal anything that has yet to be filed. The parties shall meet and confer within twenty-one (21) days of this Order and submit, via CM/ECF, for the Court's review a joint proposed order to seal and proposed findings of fact and conclusions of law in accordance with Rule 5.3(c) and consistent with this ruling.

In addition, the Court agrees with Defendants that there is no good cause to modify or vacate the parties' agreed upon discovery confidentiality order because the protective order and sealing issues are distinct and because there is no indication that the order itself is impeding discovery here. Plaintiff's cross-motion to vacate (ECF No. 113), accordingly, is denied with the

parties reminded that, if a dispute regarding the discovery confidentiality order recurs, then the parties are to meet and confer pursuant to Local Civil Rules 16.1 and 37.1 and thereafter may present a joint letter to the Court outlining their respective positions and competing proposed orders.

Lastly, the parties dispute Plaintiff's various discovery demands. Despite partial resolution through the meet and confer process, this dispute has persisted because the discovery sought is voluminous and, in particular, because Plaintiff seeks production in New Jersey while Defendants offer inspection in Alabama. See e.g., Pl.'s Mot., Kasolas Cert., ECF No. 71-1, ¶¶ 1, 6, 18; Defs.' Opp., ECF No. 72, at ¶¶ 4-5, 22-25, 31-33, 35; Defs.' Mot., ECF No. 98, at 11-13, 15-18; Pl.'s Opp., ECF No. 113-1, at 9-11, n.2, 17-18. Though the Court declines to adopt Defendants' characterization of Plaintiff's requests as designed to "harass and burden," ECF No. 72, at 13-14, No. 98, at 16, the Court appreciates Defendants' concern for the costs that may inhere to producing a multitude of documents that exist only in paper form. Faced with Defendants' repeated offers to afford Plaintiff on-site inspection in Alabama of the discovery sought, the Court therefore finds it prudent to grant Defendants' motion for a protective order insofar as Plaintiff shall have access for such inspection and copying consistent with Rule 34 of the Federal Rules of Civil Procedure. And, while Plaintiff has not provided the Court with a sufficient basis for ordering cost-shifting on this issue, the Court may later entertain particularized submissions regarding any extraordinary burden or other good cause to warrant cost-shifting, provided the parties properly follow Local Civil Rules 16.1 and 37.1. The parties accordingly are cautioned to meet and confer regularly with respect to scheduling and logistics so as to minimize the expenses incurred.

- 5 -

**ACCORDINGLY, IT IS** on this 29th day of September, 2016,

**ORDERED** that Defendants' motion (ECF No. 123) to strike and Defendants' cross-motion (ECF No. 116) to strike are denied; and

**ORDERED** that Defendants' motion (ECF No. 96) to seal and Plaintiff's cross-motion (ECF No. 111) to seal are granted in part and denied in part; and

**ORDERED** that Plaintiff's cross-motion (ECF No. 113) to vacate is denied; and

**ORDERED** that Defendants' motion (ECF No. 97) for a protective order is granted; and

**FURTHER ORDERED** that the Clerk shall terminate ECF Nos. 96, 97, 111, 113, 116, and 123.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**